UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ANNA CASWELL and<br>TARA TAYLOR, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | No. 3:17-cv-316-TRM-HBG |
| THE BALL GENTLEMEN'S CLUB, LLC,<br>*et al.*, | )<br>)<br>)<br>) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, the referral Order of the District Judge [Doc. 24]. The parties subsequently filed a Notice of Consent [Doc. 26], and the District Judge referred the case for all further proceedings, including entry of judgment. [Doc. 28].

Now before the Court is a Joint Motion for Approval of Settlement [Doc. 23]. The parties appeared before the Court on October 19, 2018 for a motion hearing. Attorney Jesse Nelson appeared on behalf of Plaintiffs. Attorney Mary Beth Maddox was present on behalf of Defendants. The Court has reviewed the Joint Motion and the history of this case. Accordingly, for the reasons more fully stated below, the Court will **GRANT** the Joint Motion [**Doc. 23**].

I. **BACKGROUND**

Plaintiffs filed suit against Defendants on July 24, 2017. [Doc. 1]. The Complaint alleges that Plaintiffs were exotic dancers who worked for Defendants' adult-oriented nightclub at various times within the last three years. [*Id.* at ¶ 11]. Plaintiffs allege that Defendants did not pay them any wages, and that Defendants instead designated Plaintiffs as independent contractors to

intentionally avoid paying wages and other employment benefits. [*Id.* at ¶ 21]. The Complaint continues that Plaintiffs were required to perform pursuant to a rotation established by Defendants [*Id.* at ¶ 14], Plaintiffs were required to work a defined shift, which was subject to change at Defendants' discretion [*Id.* at ¶ 16], and that Defendants provide the lighting, sound system, and stage to be used by Plaintiffs. [*Id.* at ¶ 18]. Further, Plaintiffs allege that Defendants controlled the prices, method, and manner of each category of dance that Plaintiffs were obligated to perform [*Id.* at ¶ 20], as well as required Plaintiffs to pay them a portion of the payment they received for all private dances they performed and a minimum fee for each shift they worked. [*Id.* at ¶ 23–24].

Therefore, Plaintiffs aver that Defendants violated the Fair Labor Standards Act ("FLSA") by falsely claiming that they were independent contractors, instead of employees, as well as by failing to pay Plaintiffs' any wages, including applicable overtime wages. [*Id.* at ¶ 21–22, 29–31]. Further, Plaintiffs submit that Defendants were aware that they should be classified as employees and continued to fail to comply with the FLSA. [*Id.* at ¶ 32].

## II.     POSITIONS OF THE PARTIES

The parties filed a Joint Motion [Doc. 23], requesting that the Court approve their settlement agreement and that the Court dismiss the case with prejudice. The parties explain that they have a bona fide dispute regarding Plaintiffs' entitlement to wages owed pursuant to the FLSA, including whether Plaintiffs qualified as an independent contractor or an employee, and the potential nonreporting of tip income. The parties have determined to settle the case in order to avoid protracted litigation. The parties represent to the Court that the settlement is fair and reasonable and adequately compensates Plaintiffs for their disputes. Further, Plaintiffs appeared at the hearing and testified that they understood that they were releasing all potential claims, that they had no objection to the proposed settlement, and that they were satisfied with the amount

received and with the resolution of their claims. In addition, the parties state that the settlement agreement is intended to resolve and satisfy all Plaintiffs' wage and hour claims, including the remedies available to Plaintiffs under the FLSA and state law, such as back wages, potential liquidated damages, attorney's fees, and costs. Lastly, both parties assert that the agreed amount of reasonable attorney fees to be awarded to Plaintiffs' counsel did not detract from Plaintiffs' recovery.

## III.   ANALYSIS

The Court's approval of settlements is only required in certain circumstances. Courts must ensure that the settlement of the FLSA claim is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). The compromise regarding the FLSA claim should "reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." *Id.* In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *Schneider v. Goodyear Tire & Rubber, Co.*, No. 5:13-cv-2741, 2014 WL 2579637, *2 (N.D. Ohio June 9, 2014).

During the hearing, Plaintiffs explained that they did not engage in written discovery, but the attorneys for both sides were familiar with the precise case law on the relevant issues and participated in candid conversations regarding the disputes in this matter. The parties explained that the settlement amount was calculated based upon Plaintiffs' dates of employment and estimated hours worked over those respective periods. Additionally, with respect to the attorney's fees, Plaintiffs' counsel stated that the attorney's fee was separate from the award to Plaintiffs.

In the instant case, the Court has reviewed the settlement agreement, and the Court finds that it is fair and reasonable. The Court notes that both parties are represented by counsel and that

both parties acknowledge that a bona fide legal dispute exists (i.e., whether Plaintiffs qualify as independent contractors versus employees). The parties engaged in settlement discussions and determined that settling this case is in their best interests. Additionally, the parties represent that the agreement provides that each Plaintiff will be paid a settlement to represent both their back wages and liquidated damages. Plaintiffs also testified that they were satisfied with the overall resolution of their claims.

Further, the Court notes that, by settling, Plaintiffs are spared the burden of proving their claims and damages to a jury, and they are being fairly compensated with the wages of which they were allegedly deprived. Moreover, the Court finds that the settlement agreement resolves a bona fide dispute over FLSA provisions. Accordingly, the Court finds that the parties' settlement agreement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. The Court has also reviewed the request for attorney's fees in this case, and the Court finds the fee request reasonable, given that the attorney's fees are separate from Plaintiffs' award in this matter.

### III. CONCLUSION

Based upon the foregoing, the Court hereby **GRANTS** the Joint Motion for Approval of Settlement [**Doc. 23**]. The parties are further **ORDERED** to submit a joint stipulation of dismissal within thirty days of the date of this Order.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge